UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TIMOTHY JAMES MURPHY, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> YARD, Officer, Old Colony Correctional ) <br> Facility, MARY FORTUNE, Mental Health ) <br> Professional, Old Colony Correctional Facility, ) <br> CAPTAIN PASCUCCI, WELLPATH MEDICAL ) <br> LT. MELLOW, SGT. AMARAL, ) <br> Defendants. ) <br> ) | Civ. Act. No. <br> 20-40043-TSH |

**ORDER**
**September 21, 2021**

**HILLMAN, J.**

### Background

Plaintiff, Timothy James Murphy ("Murphy"), proceeding pro se, has filed this action against "Yard" who Murphy refers to as a C/O[1], Mary Fortune ("Fortune"), a mental health professional at Old Colony Correctional Facility ("Old Colony Facility"), Captain Pascucci ("Cpt. Pascucci"), Wellpath Medical ("Wellpath" and together with Fortune, the "Wellpath Defendants"), Lt. Mellow and Sgt. Amaral (together with Cpt. Pascucci and Lt. Mellow, the "Facility Defendants") under 42 U.S.C. § 1983 ("Section 1983") alleging deprivation of his Eighth

---

[1] Murphy has not filed evidence of proof of service on "Yard." The Court notes that throughout his pleadings, rather than referring to given individuals by name, Murphy has sometimes referred to them based on the physical location where they work at Old Colony Correctional Facility. Therefore, it is not clear to the Court that "Yard" is the name of a proposed defendant as opposed to the location where a proposed unnamed defendant works. In any event, because the time for effecting service on this individual has long passed, Murphy's claims against "Yard" are hereby dismissed.

Amendment rights. More specifically, Murphy alleges that the Defendants' failure to act on his report that he and his cellmate had engaged in a verbal altercation led to his being assaulted and constituted deliberate indifference which led to him suffering personal injuries which required him to be transported to Morton Hospital. Murphy further alleges that upon his return from Morton Hospital, the Facility Defendants violated his Eighth Amendment rights by: denying him access to a clean cell, the shower, a change of clothes and hygienic bathroom supplies after he was placed in medical recuperation and by placing him in punitive segregation for refusing to sign a waiver (Cpt. Pascucci and Sgt. Amaral); and Lt. Mellow refused to allow him to make calls to family, an elderly abuse line and various legal assistance programs, and made statements in front of other inmates that he was an informant placing him in danger. As to the Wellpath Defendants: in addition to alleging that Fortune did not act on his report that his cellmate was a threat to him, Murphy alleges that the medical professionals at Morton Hospital made specific follow up recommendations to treat his injuries when he was returned to the Old Colony Facility but Wellpath failed to properly follow-up and has failed to provide him with proper medical treatment.[2]

This Memorandum of Decision and Order addresses: (1) Peter Pascucci, Scott Mello, and Michael Amaral's Motion To Dismiss Complaint (Docket No. 34); and (2) Medical Defendants' Motion To Dismiss For Failure to State a Claim and Motion for Summary Judgment For Failure to Exhaust Administrative Remedies (Docket No. 43). For the reasons set forth below, those motions are *granted*.

---

[2] Murphy alleged additional claims against various named and unnamed individuals who work at the Old Colony Facility, including Superintendent Kennedy, I.P.S. (the Inner Perimeter Security Team), unknown officers and members of the medical staff. Because those individuals have previously been dismissed from this action, I will not include any of the allegations asserted against them in the factual summary or my legal analysis.

**Standard of Review**

To survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must evince the requisite factual detail to establish a *plausible* claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). When deciding a motion to dismiss, the court is obligated to accept all of the facts alleged in the complaint as true, however, plaintiff still carries the burden of directing the court to the appropriate substantive law that entitles it to the relief it seeks. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007); *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000).

Facts[3]

Murphy is a state prisoner in custody of the Department of Correction ("DOC"). At all times relevant to this action, he was housed at the Old Colony Facility. Wellpath is a privately owned company that is under contract with DOC to provide comprehensive medical, dental, mental health and forensic mental health services for inmates incarcerated in DOC facilities. Fortune is a social worker who was employed by Wellpath at the Old Colony Facility in December 2019.

On December 11, 2019, Murphy spoke with Fortune sometime between 3:30 and 4:00 p.m. and informed her that he feared that there was going to be "trouble " and he was worried because he did not want to hurt anyone. After the meeting, Fortune submitted a report regarding Murphy's concerns. Later that evening, between the hours of 5:30 and 6:00 pm, Murphy was

---

[3] The Court's statement of Facts summarizes the relevant factual allegations asserted in Murphy's Amended Complaint. In his opposition, Murphy has supplemented his factual allegations which relate to the substantive claims he asserts against all Defendants and has included additional factual allegations and claims against other individuals. For the reasons set forth below, the Court is striking Murphy's opposition as non-responsive and therefore, will not consider the additional factual allegations asserted therein.

called in to speak with an Inner Perimeter Security ("IPS") officer regarding his concern for his safety. During the meeting with the IPS officer, Murphy explained that he was having issues with his cellmate When the IPS officer asked him if he feared for his life, Murphy indicated that he did. The IPS officer directed Murphy to return to his cell and told him that the matter would be investigated.

Murphy returned to his cell between 8:45 and 9:15 pm. at which time he had an altercation with inmate Richard Vinton ("Vinton") who was not his cellmate (Vinton was in Murphy's cell with Murphy's cellmate just prior to the altercation).  Murphy was injured during the altercation with Vinton and was sent to Morton Hospital for treatment. X-rays were taken of Murphy's back, chest and hand which revealed rib fractures and fractures to his hand. It was recommended that he be seen again in two weeks.

On December 12, 2019, upon his return from Morton Hospital, Murphy was placed in a medical recuperation area of the Old Colony Facility. For a period of eight to nine days following such placement, Cpt. Pascucci permitted Sgt. Amaral to deny Murphy the ability to have a clean cell, showers, changes in clothing, and hygenic bathroom supplies.  During this time, Cpt. Pascucci also permitted Sgt. Amaral to try to force Murphy to sign a waiver stating that Murphy's life was not in danger, but Murphy declined to do so.

On December 20, 2019, Cpt. Pascucci ordered Sgt. Amaral to force Murphy to sign a waiver, but Murphy stated that his life was in danger and so he declined. Murphy was then placed into a segregation unit. From December 27, 2019 through January 2, 2020, Lt. Mello refused to allow Murphy to make family and legal telephone calls, or telephone calls to an elderly abuse line, Lt. Mello also stood outside of Murphy's cell door and stated loudly that Murphy was an informant

and made other comments for the purpose of inciting other inmates to harm Murphy. Additionally, Lt. Mello issued Murphy an offense report for having refused a housing assignment.

On January 20, 2020, x-rays were taken at Massachusetts Correctional Institute at Concord, MA ("MCI-Concord") where Murphy had been transferred. The x-rays revealed no fractures. On January 24, 2020, Murphy was sent to Boston Medical Center ("BMC") for a follow-up appointment. BMC clinicians determined that additional information (which was not sent with Murphy to the appointment) was required that in order to determine what, if any, treatment was necessary. Two weeks later, Murphy was sent back to BMC for a follow-up appointment at which tine his electronic medical record was provided to BMC. Because the x-rays taken at MCI Concord on January 20th were read as negative for fractures, Wellpath stopped providing treatment to Murphy.

On April 22, 2020, Murphy was seen on-site at the prison for complaints of chest pain. A CT scan was recommended. According to Murphy, the scan revealed rib fractures. To date, Plaintiff has received x-rays and CT scans on two occasions. According to Murphy, the tests have resulted in conflicting results as to whether he had any fractures. On May 4, 2020, in response to Murphy's "sick call slip" complaining of chest pains, he was seen by a nurse practitioner who performed an EKG and provided him with an inhaler and Tylenol. Murphy was told he could not be transported to BMC due to the coronavirus pandemic.

Murphy did not allege that he had exhausted his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) *et seq.* prior to filing the instant action.

**Discussion**

The Facility Defendants seek to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. More specifically, the Facility Defendants assert that Murphy's complaint must be dismissed because he failed to exhaust his administrative remedies as required by the PLRA. The Facility Defendants further allege that Murphy's claims must be dismissed because he has failed to allege sufficient facts which would establish that they were deliberately indifferent to his health or safety and therefore, has failed to state a plausible claim for violation of his Eighth Amendment rights. The Wellpath Defendants seek dismissal of Murphy's claims pursuant to Rule 12(b)(6) on the grounds that he has failed to state plausible claims that they violated his Eight Amendment rights by denying him adequate medical care and subjecting him to cruel and unusual punishment. The Wellpath Defendants also seek summary judgment on Murphy's claims as the result of his failure to exhaust his administrative remedies under the PLRA.

After having been granted multiple extensions, Murphy file his "opposition" to the Defendants' motions on June 2, 2021. However, what Murphy filed in response is an entirely new complaint containing new factual allegations against the Defendants as well as other individuals who have previously been dismissed. However, Murphy cannot avoid dismissal of his complaint by asserting new facts and legal claims in his opposition that cure the deficiencies in his original pleading. Moreover, to state the obvious, he cannot revive claims against individuals that have previously been dismissed and cannot assert claims against individuals who have never previously been parties to the action. *See Willitts v. Life Ins. Co. of N. Am.*, No. 18-CV-11908-ADB, 2021 WL 735784, at *4 (D. Mass. Feb. 25, 2021)(citing a string of cases for

the proposition that an opposition to a motion to dismiss is not the place for new factual allegations).

Under the circumstances, the Court is striking Murphy's opposition. Defendants' motions to dismiss Murphy's Amended Complaint are *granted* for the reasons stated in their respective memorandum, *i.e.*, he has failed to state plausible Section 1983 claims against them for violation of his Eighth Amendment rights.[4] The dismissal is without prejudice. The Court will give Murphy one final opportunity to amend his pleading to state claims against **these Defendants**, that is, Fortune, Wellpath, Cpt. Pascucci, Sgt. Amaral and Lt. Mello. Murphy shall file an amended complaint that complies with this Order on or before October 29, 2021 or his claims shall be deemed dismissed with prejudice.

## Conclusion

**It Is Hereby Ordered That**:

1. Murphy's opposition to the Defendants' motions to dismiss (Docket No. 50) is hereby stricken;

2. Peter Pascucci, Scott Mello, and Michael Amaral's Motion To Dismiss Complaint (Docket No. 34) is ***granted***, without prejudice; and

3. Medical Defendants' Motion To Dismiss For Failure to State a Claim and Motion for Summary Judgment For Failure to Exhaust Administrative Remedies (Docket No. 43), is ***granted***, as to the motion to dismiss, without prejudice, and ***denied*** as moot as to the motion for summary judgment.

---

[4] Since exhaustion under the PLRA is an affirmative defense, Murphy was not required to affirmatively plead that he had exhausted his administrative remedies and the Court does not find it necessary to address the Defendants' arguments on this issue.

If Plaintiff, Timothy J. Murphy, fails to file an amended complaint that complies with this Order on or before October 29, 2021, his claims shall be deemed dismissed *with prejudice*.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**