The United States District Court - Worcester

FILED IN CLERKS OFFICE

OCT 18 '21 PM2:08 USDC MA

Office of the Clerk

- Original -

Dear Clerk

I am in reciept of document 54 filed 9/21/21 Pages 1-8 case 4:20-cv-40043-TSH. I signed for this legal mail on September 23, 2021 at the Office of the Inner Perimeter Security (IPS) of MCI Concord, where I am incarcerated. Because of the contents of this piece of legal mail, I have been accused of recieving the drug K-2 laced on one of the court documents located within the envelope, from your office.

I don't see that your office would be sending me drugs in the mail. However, I do believe that DOC and their lawyers would be capable of making this happen, either in the mailroom and or at another department within.

I view this as a serious breach in Security and Federal Mail of this facility and beyond. I believe the Claim and answers to Motions 43 and # 34 filed 6/2/2021, to have been compromised as well.

On August 31, 2021 I sent a letter to your office requesting copies of the Claim that you filed, to verify, that the Legal Documents I sent to this Court were recieved as I intended and all evidence listed in the intended order.

Now, I believe, evidence and legal documents have been manipulated for the benifit of the defendants in this case. I am saying Judge Hillman may have ruled on "altered legal documents."

Please respond accordingly. I have not recieved the copies requested 8/31/21. Legal Motion's to follow.          Timothy J. Murphy Pro se

9/25/2021

- End -

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION

### DISCIPLINARY REPORT

| | | | | | |
|---|---|---|---|---|---|
| **Inmate** | MURPHY, TIMOTHY J | | **Commit No** W112972 | **Location** B-1FL IPS Main Office | |
| **Date** | 20210923 | **D- Report No** | 479273 | **Institution** | MCI CONCORD |

| Category | Offense(s) |
|---|---|
| 1 | 1/15/Introduction, distribution or transfer of any narcotic, controlled substance, illegal drug, unauthorized drug or drug paraphernalia |
| 1 | 1/20/Attempting to commit any of the above offenses, making plans to commit any of the above offenses or aiding another person to commit any of the above offenses shall be considered the same as the commission of the offense itself |
| 2 | 2/11/Unauthorized use or possession of drugs, narcotics, illegal drugs, unauthorized drugs or drug paraphernalia |
| 2 | 2/24/Conduct which interferes with the security or orderly running of the institution |
| 2 | 2/32/Attempting to commit any of the above offenses, making plans to commit any of the above offenses or aiding another person to commit any of the above offenses shall be considered the same as the commission of the offense itself |
| 3 | 3/02/Receipt or possession of any contraband of items not authorized for retention by inmates |
| 3 | 3/27/Conduct which disrupts the normal operation of the facility or unit |
| 4 | 4/01/Receipt or possession of contraband |
| 4 | 4/11/Violating any departmental rule or regulation, or any other rule, regulation, or condition of an institution or community based program |

**Description of Offense(s**

On Thursday, September 23, 2021, at approximately 18:30, inmate Murphy, Timothy W112972, did violate the rules and regulations of MCI-Concord by introducing synthetic cannabinoids into a correctional facility.

At approximately 18:30, I, IPS Officer McDonald distributed inmate legal mail to inmate Murphy, Timothy W112972. I showed Murphy a medium sized envelope from the United States District Court, Office of the Court, United States Court House, 595 Main Street, Room 502, Worcester, MA 01608, addressed to Timothy Murphy W112972, MCI-Concord, P.O. Box 9106, Concord, MA 01742. Murphy signed the legal mail book accepting ownership of the incoming mail and the mail was opened in the presence of Murphy. I then confiscated Murphy's legal documents due to my suspicion of synthetic cannabinoids. I reported back to the IPS office and processed (9) 8.5 x 11 sheets of paper. The (9) sheets of paper had a strong wax like feeling to the touch. I conducted a field test utilizing the NARK II test kit in compliance with 103 DOC 525 policy.

The field test did yield positive results for synthetic cannabinoids. The remaining contraband was logged and secured into evidence. Photographs were taken before and after testing. Murphy was advised that he would be receiving a disciplinary report for his actions. All proper authorities notified.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Disciplinary Report Type:** | | Formal | | | | | |
| **Has Inmate been placed on Awaiting Action Status** | | | Yes [X] | No | [ ] | | |
| **Referred to DA** | [ ] Yes | [X] No | | **Referred to DDU** | [ ] Yes | [X] No | |
| **Reporting Staff** | Anthony J McDonald | | | **Date** 20210923 | | **Time** 19:47 | |
| **Days off** | Fri Sat | | | | | | |
| **Shift** | 7x3 | | | | | | |
| **Supervisor** | Dennis P Breslin | | | **Date** 20210924 | | **Time** 10:04 | |

20210927 07:29

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION

### DISCIPLINARY REPORT

| | | | | | |
|---|---|---|---|---|---|
| **Inmate** | MURPHY, TIMOTHY J | **Commit No** | W112972 | **Location** | B-1FL IPS Main Office |
| **Date** | 20210923 | **D- Report No** | 479273 | **Institution** | MCI CONCORD |

| | | | | | |
|---|---|---|---|---|---|
| **Shift Commander** | David Burke | **Date** | 20210924 | **Time** | 10:04 |
| **Disciplinary Officer** | Ryan W Connor | **Date** | 20210927 | **Time** | 07:27 |
| **Results** | | | | | |

| | | | |
|---|---|---|---|
| **Continuance Length** | **Continuance Date** | **Projected Date** | |

| | | | | |
|---|---|---|---|---|
| **Reviewing Authority** | | **Date** | **Time** | |

# DEPARTMENT OF CORRECTION
## NOTICE OF DISCIPLINARY HEARING

**TO: MURPHY, TIMOTHY J**                                   **I.D.#:**   W112972

**Re: Disciplinary Report #:**        479273          **Date :**   20210927

You have been charged with a disciplinary offense(s) which has been referred to the Hearing Officer
for a hearing. A description of the offense(s) is contained in the attached Disciplinary Report. Your
disciplinary hearing has been scheduled for:

10-11-21

**(Date & Time of Hearing)**

A Spanish translation of the Inmate Discipline Regulation, 103 CMR 430.00, and related forms are
available in the inmate library.

La traducion en español de la Regulación De Disiplina, 103 CMR 430.00, y formularios acerca de
la disiplina se encuentran en la libreria de presos.

If you wish to be represented, request the presence of the reporting staff person, request other
witnesses, and/or request a taped hearing, please fill out the attached Request for
Representation/Witness Form. If you wish to request evidence, please fill out the attached Request
for Evidence Form.

**Notice Served By:** _____   **Date:** 9-28-21   **Time:** 5:00

**Inmate's Signature:** _____   **Date:** _____   **Time:** _____

\***When an inmate has been given copies of the above enumerated documents, but refuses to sign this acknowledgement, the
staff person who delivered the documents shall complete the following:

I personally delivered copies of this Notice, Disciplinary Report, Request for Representation/Witness
Form, and Request for Evidence Form to :   **MURPHY, TIMOTHY J**
                                          **(Inmate's Name)**
and he/she refused to sign.

**Staff Person's Signature:** _____   **Date:** _____

**Print Name:** _____   **Time:** _____

\*\*The actual scheduling of the hearing may be delayed if circumstances require; however, you will be notified of the actual
date of the re-scheduled hearing at least twenty-four(24) hours in advance of that date.

DEPARTMENT OF CORRECTION
REQUEST FOR REPRESENTATION AND/OR WITNESS FORM

**Inmate**      MURPHY, TIMOTHY J _____      **Commitment# :**      W112972 _____

**DISCIPLINARY REPORT #:** 479273 _____      **DATE OF HEARING:**   10-11-21 ____

You must complete this form and return it to the Disciplinary Officer within twenty-four (24) hours of receiving it. Failure to do so may be considered as a waiver for representation and/or witnesses pursuant to 103 CMR 430.11(6).

1.   If you wish to be represented by an attorney or a law student at the disciplinary hearing regarding the attached disciplinary report, fill in the representative's name, address and phone number.

   **You are responsible for contacting this person and arranging for representation - see 103 CMR 430.12(1**

   NAME: Harvard PLAP _____

   ADDRESS: _____

   TELEPHONE: _____

2.   Are you requesting a good cause continuance as outlined in 103 CMR 430.11(3)?
                                        Yes   ✓ ____      No ____

3   If you do not speak English, you may request the use of the telephonic services.  Do you request such services?
                                        Yes ———      No ✓ ____

   Si usted no habla o entiende suficiente inglés puede pedir el uso de servicios de interpretación telefónicos. Requiere usted este tipo de servicio?      SI ____      No ✓

4.   If you do not understand the charges pending against you, you may request assistance from a staff member. Do you request such assistance?
                                        Yes ____      No ✓ ____

5.   Do you wish to have the reporting staff person present at the disciplinary hearing?
                                        Yes ✓ ____      No ~~TJM~~

6.   Do you wish to call other witnesses at the disciplinary hearing?      Yes ____      No ✓ ____

   If yes, please list the names of the witnesses you wish to call and provide a brief offer of proof of expected testimony as required by 103 CMR 430.11.2(d) and 14(4) (Use additional paper if necessary).

Witness: _____

Testimony:: _____

Witness: _____

Testimony: _____

7.   Do you wish to have a taped hearing in accordance with the provisions of 103 CMR 430. 12 (4)?
                                        Yes ✓ ____      No ____

Received by _____      Date/Time: _____

## DEPARTMENT OF CORRECTION

## EVIDENCE REQUESTED BY INMATE FORM

TO: MURPHY, TIMOTHY J                        Commit # : W112972

RE: 479273                                   Date: 20210927

I understand that I will be served at a reasonable time prior to my disciplinary hearing with any documents which may be used against me in accordance with 103 CMR 430.11 (1). I wish to request access to the following document(s) prior to my hearing which I believe will show me not guilty of the alleged infraction(s) contained in the D-Report. I understand that, in the event the Disciplinary Officer at the institution where the alleged disciplinary infraction(s) occurred denies my request for these document(s), it will be up to the Hearing Officer to decide if I am entitled to the document(s) for the reason(s) I have stated. The Hearing Officer will determine if the requested document(s) are relevant and not merely repetitive and whether they are central to the preparation of my defense. The Hearing Officer may deny my request for document(s) if the Hearing Officer determines that producing them would be hazardous in the particular situation. If the Hearing Officer decides that the document(s) need not be provided, the reason(s) will be included in the written decision.

I am requesting the following specific document(s): 1. Interrigation results 2. Urin Test 3. Reading of the Bar-code at the location of the stamp (envelope) 4. The report about two former IPS officers disciplined for tampering with legal mail recently at MCI Concord.

Each document is central to my defense for the following reasons: 1. Two IPS officers interrigating me shows that I likely was telling the truth. 2. A clean urin test requested by me. 3. The Bar-code stamp will show who sent the mail at what time and date and from where. 4. Recently two IPS officers were reprimanded for steaming open legal mail and planting the drugs.

Please be advised that failure to return this form to the Disciplinary Officer within 24 hours of receiving it may be considered as a waiver of request for any evidence.

Received by: _____    Date: _____    Time: _____

MCI CONCORD

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
UNITED STATES COURTHOUSE
595 MAIN STREET, ROOM 502
WORCESTER, MA 01608

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $500

NEOPOST
09/21/2021
US POSTAGE

FIRST-CLASS MAIL

$000.73⁰

ZIP 01608
041M10271045

Timothy James Murphy W112972
MCI - Concord
PO Box 9106
965 Elm Street
Concord, MA 01742

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TIMOTHY JAMES MURPHY,<br>Plaintiff,<br><br>v.<br><br>YARD, Officer, Old Colony Correctional<br>Facility, MARY FORTUNE, Mental Health<br>Professional, Old Colony Correctional Facility,<br>CAPTAIN PASCUCCI, WELLPATH MEDICAL<br>LT. MELLOW, SGT. AMARAL,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. Act. No.<br>20-40043-TSH |

ORDER
September 21, 2021

HILLMAN, J.

Background

Plaintiff, Timothy James Murphy ("Murphy"), proceeding pro se, has filed this action

against "Yard" who Murphy refers to as a C/O[1], Mary Fortune ("Fortune"), a mental health

professional at Old Colony Correctional Facility ("Old Colony Facility"), Captain Pascucci ("Cpt.

Pascucci"), Wellpath Medical ("Wellpath" and together with Fortune, the "Wellpath Defendants"),

Lt. Mellow and Sgt. Amaral (together with Cpt. Pascucci and Lt. Mellow, the "Facility

Defendants") under 42 U.S.C. § 1983 ("Section 1983") alleging deprivation of his Eighth

---

[1] Murphy has not filed evidence of proof of service on "Yard." The Court notes that throughout his
pleadings, rather than referring to given individuals by name, Murphy has sometimes referred to them based on the
physical location where they work at Old Colony Correctional Facility. Therefore, it is not clear to the Court that
"Yard" is the name of a proposed defendant as opposed to the location where a proposed unnamed defendant works.
In any event, because the time for effecting service on this individual has long passed, Murphy's claims against
"Yard" are hereby dismissed.

Amendment rights. More specifically, Murphy alleges that the Defendants' failure to act on his report that he and his cellmate had engaged in a verbal altercation led to his being assaulted and constituted deliberate indifference which led to him suffering personal injuries which required him to be transported to Morton Hospital. Murphy further alleges that upon his return from Morton Hospital, the Facility Defendants violated his Eighth Amendment rights by: denying him access to a clean cell, the shower, a change of clothes and hygienic bathroom supplies after he was placed in medical recuperation and by placing him in punitive segregation for refusing to sign a waiver (Cpt. Pascucci and Sgt. Amaral); and Lt. Mellow refused to allow him to make calls to family, an elderly abuse line and various legal assistance programs, and made statements in front of other inmates that he was an informant placing him in danger. As to the Wellpath Defendants: in addition to alleging that Fortune did not act on his report that his cellmate was a threat to him, Murphy alleges that the medical professionals at Morton Hospital made specific follow up recommendations to treat his injuries when he was returned to the Old Colony Facility but Wellpath failed to properly follow-up and has failed to provide him with proper medical treatment.[2]

This Memorandum of Decision and Order addresses: (1) Peter Pascucci, Scott Mello, and Michael Amaral's Motion To Dismiss Complaint (Docket No. 34); and (2) Medical Defendants' Motion To Dismiss For Failure to State a Claim and Motion for Summary Judgment For Failure to Exhaust Administrative Remedies (Docket No. 43). For the reasons set forth below, those motions are *granted*.

---

[2] Murphy alleged additional claims against various named and unnamed individuals who work at the Old Colony Facility, including Superintendent Kennedy, I.P.S. (the Inner Perimeter Security Team), unknown officers and members of the medical staff. Because those individuals have previously been dismissed from this action, I will not include any of the allegations asserted against them in the factual summary or my legal analysis.

### Standard of Review

To survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must evince the requisite factual detail to establish a *plausible* claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). When deciding a motion to dismiss, the court is obligated to accept all of the facts alleged in the complaint as true, however, plaintiff still carries the burden of directing the court to the appropriate substantive law that entitles it to the relief it seeks. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007); *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000).

### Facts[3]

Murphy is a state prisoner in custody of the Department of Correction ("DOC"). At all times relevant to this action, he was housed at the Old Colony Facility.  Wellpath is a privately owned company that is under contract with DOC to provide comprehensive medical, dental, mental health and forensic mental health services for inmates incarcerated in DOC facilities. Fortune is a social worker who was employed by Wellpath at the Old Colony Facility in December 2019.

On December 11, 2019, Murphy spoke with Fortune sometime between 3:30 and 4:00 p.m. and informed her that he feared that there was going to be "trouble " and he was worried because he did not want to hurt anyone. After the meeting, Fortune submitted a report regarding Murphy's concerns. Later that evening, between the hours of 5:30 and 6:00 pm, Murphy was

---

[3] The Court's statement of Facts summarizes the relevant factual allegations asserted in Murphy's Amended Complaint.  In his opposition, Murphy has supplemented his factual allegations which relate to the substantive claims he asserts against all Defendants and has included additional factual allegations and claims against other individuals. For the reasons set forth below, the Court is striking Murphy's opposition as non-responsive and therefore, will not consider the additional factual allegations asserted therein.

called in to speak with an Inner Perimeter Security ("IPS") officer regarding his concern for his safety. During the meeting with the IPS officer, Murphy explained that he was having issues with his cellmate. When the IPS officer asked him if he feared for his life, Murphy indicated that he did. The IPS officer directed Murphy to return to his cell and told him that the matter would be investigated.

Murphy returned to his cell between 8:45 and 9:15 pm. at which time he had an altercation with inmate Richard Vinton ("Vinton") who was not his cellmate (Vinton was in Murphy's cell with Murphy's cellmate just prior to the altercation). Murphy was injured during the altercation with Vinton and was sent to Morton Hospital for treatment. X-rays were taken of Murphy's back, chest and hand which revealed rib fractures and fractures to his hand. It was recommended that he be seen again in two weeks.

On December 12, 2019, upon his return from Morton Hospital, Murphy was placed in a medical recuperation area of the Old Colony Facility. For a period of eight to nine days following such placement, Cpt. Pascucci permitted Sgt. Amaral to deny Murphy the ability to have a clean cell, showers, changes in clothing, and hygenic bathroom supplies. During this time, Cpt. Pascucci also permitted Sgt. Amaral to try to force Murphy to sign a waiver stating that Murphy's life was not in danger, but Murphy declined to do so.

On December 20, 2019, Cpt. Pascucci ordered Sgt. Amaral to force Murphy to sign a waiver, but Murphy stated that his life was in danger and so he declined. Murphy was then placed into a segregation unit. From December 27, 2019 through January 2, 2020, Lt. Mello refused to allow Murphy to make family and legal telephone calls, or telephone calls to an elderly abuse line, Lt. Mello also stood outside of Murphy's cell door and stated loudly that Murphy was an informant

and made other comments for the purpose of inciting other inmates to harm Murphy. Additionally,

Lt. Mello issued Murphy an offense report for having refused a housing assignment.

On January 20, 2020, x-rays were taken at Massachusetts Correctional Institute at

Concord, MA ("MCI-Concord") where Murphy had been transferred. The x-rays revealed no

fractures. On January 24, 2020, Murphy was sent to Boston Medical Center ("BMC") for a

follow-up appointment. BMC clinicians determined that additional information (which was not

sent with Murphy to the appointment) was required that in order to determine what, if any,

treatment was necessary. Two weeks later, Murphy was sent back to BMC for a follow-up

appointment at which tine his electronic medical record was provided to BMC.  Because the x-

rays taken at MCI Concord on January 20th were read as negative for fractures, Wellpath stopped

providing treatment to Murphy.

On April 22, 2020, Murphy was seen on-site at the prison for complaints of chest pain. A

CT scan was recommended. According to Murphy, the scan revealed rib fractures. To date,

Plaintiff has received x-rays and CT scans on two occasions. According to Murphy, the tests

have resulted in conflicting results as to whether he had any fractures. On May 4, 2020, in

response to Murphy's "sick call slip" complaining of chest pains, he was seen by a nurse

practitioner who performed an EKG and provided him with an inhaler and Tylenol. Murphy was

told he could not be transported to BMC due to the coronavirus pandemic.

Murphy did not allege that he had exhausted his administrative remedies pursuant to  the

Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) *et seq.* prior to filing the instant

action.

## Discussion

The Facility Defendants seek to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. More specifically, the Facility Defendants assert that Murphy's complaint must be dismissed because he failed to exhaust his administrative remedies as required by the PLRA. The Facility Defendants further allege that Murphy's claims must be dismissed because he has failed to allege sufficient facts which would establish that they were deliberately indifferent to his health or safety and therefore, has failed to state a plausible claim for violation of his Eighth Amendment rights. The Wellpath Defendants seek dismissal of Murphy's claims pursuant to Rule 12(b)(6) on the grounds that he has failed to state plausible claims that they violated his Eight Amendment rights by denying him adequate medical care and subjecting him to cruel and unusual punishment. The Wellpath Defendants also seek summary judgment on Murphy's claims as the result of his failure to exhaust his administrative remedies under the PLRA.

After having been granted multiple extensions, Murphy file his "opposition" to the Defendants' motions on June 2, 2021. However, what Murphy filed in response is an entirely new complaint containing new factual allegations against the Defendants as well as other individuals who have previously been dismissed. However, Murphy cannot avoid dismissal of his complaint by asserting new facts and legal claims in his opposition that cure the deficiencies in his original pleading. Moreover, to state the obvious, he cannot revive claims against individuals that have previously been dismissed and cannot assert claims against individuals who have never previously been parties to the action. *See Willitts v. Life Ins. Co. of N. Am.*, No. 18-CV-11908-ADB, 2021 WL 735784, at *4 (D. Mass. Feb. 25, 2021)(citing a string of cases for

the proposition that an opposition to a motion to dismiss is not the place for new factual allegations).

Under the circumstances, the Court is striking Murphy's opposition. Defendants' motions to dismiss Murphy's Amended Complaint are *granted* for the reasons stated in their respective memorandum, *i.e.*, he has failed to state plausible Section 1983 claims against them for violation of his Eighth Amendment rights.[4] The dismissal is without prejudice. The Court will give Murphy one final opportunity to amend his pleading to state claims against **these Defendants**, that is, Fortune, Wellpath, Cpt. Pascucci, Sgt. Amaral and Lt. Mello. Murphy shall file an amended complaint that complies with this Order on or before October 29, 2021 or his claims shall be deemed dismissed with prejudice.

### Conclusion

**It Is Hereby Ordered That:**

1. Murphy's opposition to the Defendants' motions to dismiss (Docket No. 50) is hereby stricken;

2. Peter Pascucci, Scott Mello, and Michael Amaral's Motion To Dismiss Complaint (Docket No. 34) is *granted*, without prejudice; and

3. Medical Defendants' Motion To Dismiss For Failure to State a Claim and Motion for Summary Judgment For Failure to Exhaust Administrative Remedies (Docket No. 43), is *granted*, as to the motion to dismiss, without prejudice, and *denied* as moot as to the motion for summary judgment.

---

[4] Since exhaustion under the PLRA is an affirmative defense, Murphy was not required to affirmatively plead that he had exhausted his administrative remedies and the Court does not find it necessary to address the Defendants' arguments on this issue.

If Plaintiff, Timothy J. Murphy, fails to file an amended complaint that complies with this Order on or before October 29, 2021, his claims shall be deemed dismissed *with prejudice*.


**SO ORDERED.**

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE

FORM "A"

RECEIVED
SEP 27 2021

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTION
INMATE GRIEVANCE FORM

September 27, 2021

| INMATE'S NAME: Timothy Murphy | INMATE'S #: W112972 | DATE: ~~XXXX~~ |
|---|---|---|
| INSTITUTION: MCI Concord | DATE OF INCIDENT: Sept. 23, 2021 | |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. In **Block B**, give a brief and understandable summary of your complaint/issue.
3. List any actions you may have taken to resolve this matter in **Block C**. Be sure to include the identity of staff Members you have contacted.
4. Provide a Requested Remedy in **Block D**.

**A.** When filing an Emergency Grievance check Emergency.

**EMERGENCY** _____

**B.** Give a brief understandable summary of your complaint/issue. Additional paper may be used, if Necessary.

Major Breach in Security and Manipulating Legal Mail entering this institution. Recieved leagal court documents from The U.S. District Court of which. I anticipated recieving where papers from inside the envelope tested positive away from my view by IPS officers who interviewed me and accused me of recieving the drug K-2. ~~I know~~ I believe officer McDonald put the drug on my legal mail when he took the papers in question into his office where he made copies of the Court Documents #54

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you have Contacted. I demanded a urin sample be taken and denied any part in the matter of anticipated ~~to~~ recieving drugs through the mail. I contacted the Clerk of Court informing them of the breach, tampering with legal mail and US Postal violations. Review of documents prevestly sent of Court Civil case 4:20-CV-04043-TSH

**D.** Provide your Requested Remedy.
~~Cease and Desist of their illegal proceedings as the testing of this product is 80% false positive~~ Cease and Desist All action and allegation on the above matter
☆ Sent New Grievance 9/28/21 ☆

Inmate's Signature _Timothy J. Murphy_    Date _9/26/2021_

Staff Recipient _____    Date _____

**\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.\***
**(Inmate receipts/responses will be generated via the Inmate Management System.)**

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION

### INMATE GRIEVANCE FORM
### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

Name MURPHY TIMOTHY J          Grievance# 114503   Institution MCI CONCORD

| Commit No. W112972 | Housing L-2 | Date Of Incident 20210923 | Date Of Grievance 20210928 |
|---|---|---|---|

Informal filed   No

Complaint
    Major Breach in Security and Manipulating Legal Mail entering this institution. Recieved legal Court Documents from U S District Court of which I anticipated recieving, where papers from inside the envelope tested positive, according to Officer McDonald, away from my view. There were two IPS Officer who interviewed me accusing me of knowingly recieving the Drug K-2 within the Legal Mail from Clerk of Courts.
    I believe Officer McDonald put the Drug K-2 on the legal mail away from my view when he brought the court documents into his office.

Remedy Requested   Cease and Desist all action and allegation on the above matter.

Staff Recipient   Travis Roxanne   CPO III

Staff Involved   McDonald Anthony J  IPS

Signature

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

Date Received 20210930     Decision Date

Signature

Final Decision

Decision

Signature                                Date

Denied grievances may be appealed to the Superintendent within 10 working days of Institutional Grievance Coordinators decision.

---

## INMATE RECEIPT

| Name | MURPHY TIMOTHY J | Institution | MCI CONCORD |
|---|---|---|---|
| Commit No. | W112972 | Grievance# 114503 | Date Received 20210930 |

Signature.   Travis Roxanne   CPO III